**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LISA SAPP**, on behalf of herself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:25-cv-275 |
| | : | |
| v. | : | JUDGE |
| | : | |
| **KNOX COMMUNITY HOSPITAL** | : | MAGISTRATE JUDGE |
| c/o Mercury Agent Company | : | |
| 250 West Street, Suite 700 | : | JURY DEMAND ENDORSED HEREON |
| Columbus, OH 43215, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff Lisa Sapp ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective Action Complaint against Defendant Knox Community Hospital ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge of Named Plaintiff's conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a

Page **1** of **12**

substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

## II.     PARTIES

### A.     Named Plaintiff

3.     Named Plaintiff Lisa Sapp is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

4.     Named Plaintiff was employed by Defendant from approximately 2017 until December 2024.

5.     Named Plaintiff was an hourly, non-exempt "employee" of Defendant as defined in the FLSA. Specifically, Named Plaintiff was employed by Defendant as an hourly, non-exempt home health Licensed Practical Nurse ("LPN") at its health center in Mt. Vernon, Ohio. During her employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

6.     During Named Plaintiff's employment with Defendant, Defendant required a daily unpaid thirty (30) minute meal break deduction from Named Plaintiff's and other similarly situated employees' hours worked. However, Named Plaintiff and other similarly situated home health employees[1] often were unable to actually take a full, 30-minute meal break or otherwise had their meal breaks interrupted by having to perform work duties. Further, Defendant required Named Plaintiff and similarly situated home health employees to perform off-the-clock work before and after their scheduled shift for which they were not compensated.  This worktime resulted in Named Plaintiff and other similarly situated home health employees not being fully and properly paid for

---

[1] "Home health employees" includes but is not limited to medical assistants, Registered Nurses ("RN"), Certified Nursing Assistants ("CNAs"), Licensed Practical Nurses ("LPNs"), State Tested Nursing Assistants ("STNAs"), patient care support employees, Occupational Therapists ("Ots"), Speech Therapists ("STs"), Physical Therapists ("PTs"), and other home health employees.

all of their hours worked in violation of the FLSA.

7. Named Plaintiff brings this action on behalf of herself and other similarly situated hourly home health employees, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

### B. Defendant

8. Defendant is a corporation for non-profit registered in Ohio.

9. Defendant operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio.

10. Defendant operates a network of hospitals and regional clinics throughout the State of Ohio.

11. Defendant operates a Department of Home Health through which it provides patients with home health services, including but not limited to home health aides, skilled nursing, social work services, physical therapy, speech therapy, and occupational therapy.

12. Upon information and belief, Defendant maintains interrelated operations, centralized control of labor relations, common management and common ownership, and financial control over its network.

13. At all relevant times, Defendant has determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated home health employees.

14. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and similarly situated home health employees' working conditions. At all

Page **3** of **12**

relevant times, Defendant has exercised that authority and control over Named Plaintiff and similarly situated home health employees.

15. Defendant suffered or permitted Named Plaintiff and similarly situated home health employees to (1) perform work that resulted in missed, interrupted, and/or shortened meal breaks even though Defendant still deducted such time from these employees' hours worked; and (2) perform off-the-clock work before and after their scheduled shift for which they were not compensated.

16. Defendant and its various registered entities form a "single employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and similarly situated home health employees because they operate a chain of medical centers with interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

17. Because the work performed by Named Plaintiff and all other similarly situated home health employees benefited Defendant and directly or indirectly furthered its interests, Defendant is an employer of Named Plaintiff and other similarly situated healthcare employees under the FLSA's definition of "employer."

18. Defendant has substantial control over Named Plaintiff's and similarly situated home health employees' working conditions and over the unlawful policies and practices alleged herein.

19. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment and calculation of wages, overtime, meal break deductions, timekeeping, pre-shift work, and post-shift work.

20. At all relevant times, Defendant, as a hospital network and institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

21. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because Defendant, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

22. Defendant has gross revenue that exceeds $500,000.00 per year.

23. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated home health employees to (1) perform work that resulted in missed, interrupted, and/or shortened meal breaks even though Defendant still deducted such time from their hours worked; and (2) perform off-the-clock work before and after their scheduled shift for which they were not compensated. The work that Named Plaintiff and other similarly situated home health employees performed was primarily for Defendant's benefit.

24. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

**III.** **FACTS**

Meal Breaks

25. At all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt home health employees entitled to overtime.

26. Named Plaintiff and other similarly situated healthcare employees worked, or were scheduled to work, more than forty (40) hours in one or more workweek(s).

27. During their employment with Defendant, Named Plaintiff and other similarly

situated employees were not fully paid for all overtime wages because Defendant required a 30-minute meal break deduction from their compensable hours worked even when Named Plaintiff and other similarly situated home health employees were unable to take an uninterrupted bona fide meal break of thirty (30) minutes.

28.     Although Defendant applied a daily 30-minute meal break deduction, Named Plaintiff and other similarly situated home health employees were often unable to take an uninterrupted bona fide meal break of thirty (30) minutes or otherwise took a shortened meal break because their break was interrupted with substantive job duties.

29.     Named Plaintiff and other similarly situated home health employees were often too busy with patient care and performing substantive work duties to take an uninterrupted bona fide meal break.

30.     Defendant did not maintain or implement a legitimate and reasonable policy and/or practice whereby Named Plaintiff and other similarly situated home health employees could identify and report occasions when they did not have a bona fide meal break such that they would receive credit (i.e., compensation) for those missed, interrupted, and/or shortened meal breaks.

31.     To the contrary, Named Plaintiff and other similarly situated home health employees were discouraged from submitting missed meal break forms when their meal breaks were missed, interrupted, and/or shortened, and they were further informed that they could be written up if they submitted a missed meal break form.

32.     Consequently, a daily 30-minute meal break deduction was applied to hourly home health employees' hours worked regardless of whether Named Plaintiff and other similarly situated home health employees received an uninterrupted bona fide meal break.

Off-The-Clock Work

33.     Named Plaintiff and other similarly sutured home health employees regularly performed off-the-clock work for which Defendant did not compensate them.

34.     Specifically, Named Plaintiff and other similarly situated home health employees regularly arrived at their respective work location before their scheduled shift start time to prepare for the day's work by gathering supplies and meeting with the other employees to discuss the day's work. While Named Plaintiff and other similarly situated home health employees arrived at the office before their scheduled shift, they generally could not clock in early.

35.     Further, Defendant generally required Named Plaintiff and other similarly situated home health employees to be clocked out by the end of their scheduled shift. However, Named Plaintiff and other similarly situated home health employees often could not complete all their work during their scheduled shift. Instead, they had to work off the clock, such as charting and calling patients to schedule visits.

36.     As a result of Defendant's companywide policies and/or practices discussed above relating to meal break deductions and off-the-clock unpaid work, Defendant has had actual or constructive knowledge that it was not compensating Named Plaintiff and other similarly situated home health employees for all hours worked.

37.     Named Plaintiff and other similarly situated home health employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per week if (1) their hours were not reduced by the meal break deductions and/or (2) off-the-clock work was included in their compensable hours worked. However, they were not paid overtime premium for all of hours worked over forty (40) as a result of Defendants' policies and/or practices described herein.

38. Defendant's failure to compensate Named Plaintiff and other similarly situated home health employees, as set forth above, resulted in unpaid overtime.

39. At all times relevant herein, Named Plaintiff and other similarly situated home health employees were employees as defined in the FLSA.

40. During their employment with Defendant, Named Plaintiff and other similarly situated home health employees regularly performed overtime work without proper compensation.

41. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated home health employees to work more than forty (40) hours per workweek while not compensating them all overtime wages earned as a result of Defendant's companywide policies and/or practices as described herein.

42. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States.

43. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. Thus, Defendant knew that Named Plaintiff and other similarly situated home health employees worked overtime without compensation for all overtime hours worked.

44. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV.  FLSA COLLECTIVE ALLEGATIONS

45. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and all other similarly situated home health employees

of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt home health employees[2] of Defendant who worked at least forty (40) hours in any workweek that they (1) had a meal break deduction applied or (2) performed off-the-clock work, beginning three (3) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

46. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

47. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated home health employees and is acting on behalf of their interests as well as her own in bringing this action.

48. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

49. The net effect of Defendant's policies and practices is that Defendant willfully

---

[2] Again, "home health employees" includes but is not limited to medical assistants, Registered Nurses ("RN"), Certified Nursing Assistants ("CNAs"), Licensed Practical Nurses ("LPNs"), State Tested Nursing Assistants ("STNAs"), patient care support employees, Occupational Therapists ("OTs"), Speech Therapists ("STs"), Physical Therapists ("PTs"), and other home health employees.

failed to properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V.     CAUSE OF ACTION

**COUNT I:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

50.     All of the preceding paragraphs are realleged as if fully rewritten herein.

51.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

52.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

53.     During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

54.     Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s).

55.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime for all hours worked over forty (40) hours in a workweek because of Defendant's meal break deduction and off-the-clock work policies and/or practices described herein.

56.     Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

57.     Named Plaintiff and the FLSA Collective Members were not exempt from

receiving FLSA overtime benefits.

58.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members were entitled.

59.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

60.     As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A.     Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B.     Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

C.     Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

D.     Awarding to Named Plaintiff and the FLSA Collective Members costs,

disbursements, and reasonable allowances for fees of counsel and exp as well as reimbursement of expenses;

E.      Awarding to Named Plaintiff and the FLSA Collective Members all such other and further relief the Court deems just and proper;

F.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

G.      Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com
        takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

Page **12** of **12**