**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| Lisa Sapp, *on behalf of herself and others similarly situated*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:25-cv-00275 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| Knox Community Hospital, | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendant. | : | |

**DEFENDANT KNOX COMMUNITY HOSPITAL'S ANSWER TO PLAINTIFF LISA SAPP'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Defendant Knox Community Hospital ("Defendant" or "KCH"), by and through counsel, hereby answers and asserts its affirmative defenses to the Collective Action Complaint ("Complaint") for Violations of the Fair Labor Standards Act filed by Plaintiff Lisa Sapp ("Plaintiff"), according to the numbered paragraphs therein, as follows:

**I.      JURISDICTION AND VENUE**

1.      In response to Paragraph 1 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant admits the allegations.

2.      In response to Paragraph 2 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant admits the allegations.

II.     **PARTIES**

A.  **Named Plaintiff**

3.     In response to Paragraph 3 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

4.     In response to Paragraph 4 of the Complaint, Defendant admits the allegations.

5.     In response to Paragraph 5 of the Complaint, Defendant avers that the allegations relating to whether "Named Plaintiff was an hourly, non-exempt 'employee' of Defendant as defined in the FLSA" constitutes legal conclusions to which no response is required. Answering further, Defendant admits that Named Plaintiff was employed as a home health Licensed Practical Nurse in Mt. Vernon, Ohio. Answering further, Defendant denies the remaining allegations.

6.     In response to Paragraph 6 of the Complaint, Defendant admits the allegation "Defendant required a daily unpaid thirty (30) minute meal break deduction from Named Plaintiff's and other similarly situated employees' hours worked".  Answering further, Defendant denies the remaining allegations.

7.     In response to Paragraph 7 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

B.  **Defendant**

8.     In response to Paragraph 8 of the Complaint, Defendant admits the allegations.

9.     In response to Paragraph 9 of the Complaint, Defendant admits the allegations.

10.     In response to Paragraph 10 of the Complaint, Defendant admits it operates a hospital and clinics in various locations in Ohio. Answering further, Defendant denies the remaining allegations.

11.     In response to Paragraph 11 of the Complaint, Defendant admits the allegations.

2

12.     In response to Paragraph 12 of the Complaint, Defendant admits the allegations.

13.     In response to Paragraph 13 of the Complaint, Defendant admits the allegations.

14.     In response to Paragraph 14 of the Complaint, Defendant admits the allegations.

15.     In response to Paragraph 15 of the Complaint, Defendant denies the allegations.

16.     In response to Paragraph 16 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

17.     In response to Paragraph 17 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

18.     In response to Paragraph 18 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

19.     In response to Paragraph 19 of the Complaint, Defendant denies the allegations.

20.     In response to Paragraph 20 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

21.     In response to Paragraph 21 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

22.     In response to Paragraph 22 of the Complaint, Defendant admits the allegations.

23.     In response to Paragraph 23 of the Complaint, Defendant denies the allegations.

24.     In response to Paragraph 24 of the Complaint, Defendant admits the allegations.

3

III.    FACTS

> Meal Breaks

25.     In response to Paragraph 25 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

26.     In response to Paragraph 26 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

27.     In response to Paragraph 27 of the Complaint, Defendant denies the allegations.

28.     In response to Paragraph 28 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

29.     In response to Paragraph 29 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

30.     In response to Paragraph 30 of the Complaint, Defendant denies the allegations.

31.     In response to Paragraph 31 of the Complaint, Defendant denies the allegations.

32.     In response to Paragraph 32 of the Complaint, Defendant denies the allegations.

> Off-The-Clock Work

33.     In response to Paragraph 33 of the Complaint, Defendant denies the allegations.

34.     In response to Paragraph 34 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

35.     In response to Paragraph 35 of the Complaint, Defendant denies the allegations.

36.     In response to Paragraph 36 of the Complaint, Defendant denies the allegations.

37.     In response to Paragraph 37 of the Complaint, Defendant admits some of its "home health employees" "worked more than forty (40) hours per week" and denies all remaining allegations.

4

38.    In response to Paragraph 38 of the Complaint, Defendant denies the allegations.

39.    In response to Paragraph 39 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

40.    In response to Paragraph 40 of the Complaint, Defendant denies the allegations.

41.    In response to Paragraph 41 of the Complaint, Defendant denies the allegations.

42.    In response to Paragraph 42 of the Complaint, Defendant admits the allegations.

43.    In response to Paragraph 43 of the Complaint, Defendant denies the allegations.

44.    In response to Paragraph 44 of the Complaint, Defendant denies the allegations. Answering further, Defendant has in its control and possession the wage and hour information related to its employees as required under state and federal laws.

## IV.    FLSA COLLECTIVE ALLEGATIONS

45.    In response to Paragraph 45 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

46.    In response to Paragraph 46 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

47.    In response to Paragraph 47 of the Complaint, Defendant denies the allegations.

48.    In response to Paragraph 48 of the Complaint, Defendant denies the allegations.

49.    In response to Paragraph 49 of the Complaint, Defendant denies the allegations.

## V.  CAUSE OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

50.     Defendant incorporates its responses to Paragraphs 1 through 49 of the Complaint as if fully rewritten herein.

51.     In response to Paragraph 51 of the Complaint, Defendant admits the allegations.

52.     In response to Paragraph 52 of the Complaint, Defendant avers that the allegations constitute a legal conclusion to which no response is required. To the extent this Paragraph asserts facts which require a response, Defendant denies the allegations.

53.     In response to Paragraph 53 of the Complaint, Defendant admits "[d]uring the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff" and denies all remaining allegations.

54.     In response to Paragraph 54 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

55.     In response to Paragraph 55 of the Complaint, Defendant denies the allegations.

56.     In response to Paragraph 56 of the Complaint, Defendant denies the allegations.

57.     In response to Paragraph 57 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

58.     In response to Paragraph 58 of the Complaint, Defendant admits it "knew or should have known of the overtime payment requirements of the FLSA" and denies all remaining allegations.

59.     In response to Paragraph 59 of the Complaint, Defendant avers that it is without sufficient knowledge to form a belief as to the allegations and, therefore, denies the same.

60.     In response to Paragraph 60 of the Complaint, Defendant denies the allegations.

## VI.     PRAYER FOR RELIEF

61.     In response to the WHEREFORE Paragraph of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested therein or any relief whatsoever.

62.     Defendant denies all allegations set forth within the Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses to the Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of any cause of action where such burden properly belongs to Plaintiff, the FLSA Collective and the class members, as those terms are defined in the Complaint. Moreover, nothing stated herein is intended or shall be construed as an admission to any particular issue or subject matter relevant to Plaintiff's allegations. For its affirmative defenses, other defenses, and counter claims to the Complaint, Defendant states:

1.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' Complaint is barred by the doctrines of waiver, estoppel, and/or unclean hands.

3.     Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations.

4.     Plaintiffs have failed to mitigate their damages, if any, and their right to recover against Defendant, if any, should be reduced and/or eliminated by such failure.

5.     Defendant at all times acted in good faith and had reasonable grounds for believing its practices complied with applicable state and federal law.

7

6.      To the extent Plaintiffs are entitled to damages, Defendant is entitled to credit and/or set off for any amounts overpaid to Plaintiffs in the course of their employment.

7.      Plaintiffs' claims are without merit because they were properly compensated at all times.

8.      Plaintiffs are not entitled to attorneys' fees or costs.

9.      Plaintiffs' purported collective of similarly situated plaintiffs (the FLSA Collective Class—as that term is defined in the Complaint) do not meet the prerequisites for collective treatment.

10.      At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

11.      This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

12.      To the extent that Plaintiffs may seek punitive damages, Plaintiffs' recovery is limited by applicable provisions of the FLSA and the Ohio and/or United States Constitutions.

13.      Plaintiffs are not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

14.      Plaintiffs' actions are barred because they seek to recover for time that is de minimus work time and thus not compensable under the FLSA.

15.      To the extent Plaintiffs seek damages not recoverable under the FLSA, Plaintiffs are barred from such recovery.

16.      Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

17. Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA.

18. Plaintiffs' claims are estopped by the submission of their own time records, for which Defendants compensated them for all overtime worked and claimed.

19. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

20. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

21. Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment and release.

22. Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

23. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

24. All actions taken by Defendant with respect to Plaintiffs were supported by legitimate business reasons.

Defendant states that it intends to rely upon other defenses, affirmative or otherwise, that may become available or appear during discovery proceedings in this case and reserves the right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Knox Community Hospital respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff Lisa Sapp, on behalf of herself

9

and all others similarly situated, dismiss the Complaint in its entirety, and award Defendant all costs and expenses incurred in defending this action, including interest and attorneys' fees.

Respectfully submitted,

/s/ Catherine L. Strauss
Catherine L. Strauss (0072980)
Amy E. Flowers (0093317)
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, Ohio 43215
Phone: (614) 462-2700
Fax: (614) 462-5135
Catherine.Strauss@icemiller.com
Amy.Flowers@icemiller.com
*Counsel for Defendant, Knox Community Hospital*

## JURY DEMAND

Defendant demands a jury on all issues so triable.

/s/ Catherine L. Strauss
Catherine L. Strauss

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document was filed via the

Court's CM/ECF system on June 9, 2025, which shall subsequently serve a copy of same upon all

parties of record.

_/s/ Catherine L. Strauss_
Catherine L. Strauss
